UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENTRAL PRODUCE CORP., <br><br> Plaintiff, <br><br> - against - <br><br> GORIS GROCERS FLATBUSH AVE CORP., <br> GORIS GROCERS MADISON AVE CORP., <br> GORIS GROCERS NOSTRAND AVE CORP. <br> and MARK A. GORIS, <br><br> Defendants. | Case No. 23-cv-7262 (KPF) <br><br> **ORDER PURSUANT TO FED. R. EVID. 502(d) and FED. R. CIV. P. 35(b)(2)(E)** |

**THIS MATTER**, having come before the Court for an initial pretrial conference pursuant to Fed. R. Civ. P. 16(b), and plaintiff Central Produce Corp. ("Plaintiff") and defendants Goris Grocers Flatbush Ave Corp., Goris Grocers Madison Ave Corp., Goris Grocers Nostrand Ave Corp. and Mark A. Goris (collectively, "Defendants"), having appeared through respective counsel, and counsel having jointly requested that this Court enter an order governing the handling of Electronically Stored Information ("ESI") or other documents pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 35(b)(2)(E), it is hereby

**ORDERED**, that the production of privileged or work-product protected documents, ESI or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding, and this Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d); and it is further

**ORDERED**, that nothing contained in this Order is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before

production; and it is further

**ORDERED**, that all ESI shall be produced in the form it is maintained in the usual course of business by the producing party, with best efforts taken to preserve any metadata that may exist in the documents. Absent special circumstances, non-redacted spreadsheets (e.g. Excel, .csv), presentations (e.g. PowerPoint), databases or other documents that cannot be converted into paginated form without material loss of data or meaning shall be produced in native format. When producing ESI contained in a database, the producing party may comply with the discovery request by querying the database and generating a report ("Structured Data Report") in a reasonably usable and exportable electronic format (for example, in Excel or .csv format). The first line in the Structured Data Report will show the column headers for each field of data included in the Structured Data Report, and it is further

**ORDERED**, that Parent-child relationships (the association between e-mails and attachments) shall be preserved. E-mail attachments shall be consecutively produced with the parent e-mail record. For example, if a party produces an e-mail with its attachments, such attachments should be produced behind the e-mail in the order in which they were attached. All documents produced should be assigned a Bates number that is unique across the entire document production and is sequential within a given document. If files are produced in native format, a placeholder image shall be included in the production briefly describing the document and indicating: (1) that the document was produced in native format, and (2) the Bates number of the document.

//

//

//

- 3 -

To the extent hard copies or .pdf files of documents are produced, they shall be produced so as to conform as much as reasonably possible to the spirit of the parameters set forth in this Order.

**SO ORDERED.**

Dated:     October 11, 2023
           New York, New York

*Katherine Polk Failla*

The Honorable Katherine Polk Failla
United States District Judge